**Sadie M. HASHEM O/B/O Adele C. Joseph**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare.**

**Civ. A. No. 33299.**

United States District Court
E. D. Pennsylvania.
Jan. 22, 1964.

Henry F. Gingrich, Lancaster, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., and Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

BODY, District Judge.

This case comes before the Court on cross-motions for summary judgment filed by each of the parties. Since there are no outstanding factual issues, the case is a proper one for disposition pursuant to Rule 56, F.R.Civ.P.

During November 1959 plaintiff began proceedings to adopt her sister who was disabled all her life, and who was cared for and supported by plaintiff for over

thirty years. The adoption was finally accomplished on January 18, 1961.

The defendant determined that plaintiff was entitled to benefits as of July 1957. This determination was made by the Hearing Examiner on July 29, 1960 after appeal from previous denials at lower administrative levels.

Plaintiff on March 8, 1961 applied for insurance benefits on behalf of her adopted sister. The claim was denied initially and plaintiff exhausted her administrative remedy and filed the complaint herein on April 22, 1963.

The sole problem before the Court is whether the adoption of plaintiff's sister was within the period required under the statute. The controlling provision (42 U.S.C.A. § 402(d) states:

"(d) (1) Every child * * * of an individual entitled to old-age or disability insurance benefits, or of an individual who dies a fully or currently insured individual, if such child—

"(A) has filed application for child's insurance benefits,

"(B) at the time such application was filed was unmarried and either (i) had not attained the age of eighteen or (ii) was under a disability * * * which began before he attained the age of eighteen, and

"(C) was dependent upon such individual—

"(i) if such individual is living, at the time such application was filed, * * *

*shall be entitled to a child's insurance benefit for each month, beginning with the first month* after August 1950 *in which such child becomes so entitled* to such insurance benefits * * *. In the case of an individual entitled to disability insurance benefits, the provisions of clause (i) of subparagraph (C) of this paragraph shall not apply to a child of such individual unless he * * * (B) was legally adopted by such individual before the end of the twenty-four month period beginning with the month after the month in which such individual *most recently became entitled to disability insurance benefits,* but only if (i) proceedings for such adoption of the child had been instituted by such individual in or before the month in which began the period of disability of such individual which still exists at the time of such adoption or (ii) such adopted child was living with such individual in such month."
(Emphasis supplied)

■ Plaintiff contends that the words "most recently" with reference to the entitlement period mean the date on which defendant determined that plaintiff was entitled to benefits. However, it is clear from the plain meaning of the statute that the date of entitlement referred to in the statute is the date upon which entitlement begins in fact, regardless of when the declaration or fixing of this date is accomplished by the agency.

Thus the date upon which plaintiff "most recently became entitled to disability insurance benefits" is July 1957 as fixed by the Hearing Examiner. Thus, plaintiff had a period of twenty-four (24) months beginning August 1957, or until August 1959, in which to accomplish the adoption of her sister and so become entitled to collect benefits on behalf of her sister.

■ Plaintiff contends that even if this be the proper interpretation of the statute, since there is a six (6) month waiting period required in Pennsylvania before one may apply to adopt a child, that actually the adoption must be considered as having been initiated in May of 1959, because adoption proceedings were filed in November 1959. If this is correct, then the adoption would be said to begin within the twenty-four (24) month period running from August 1957.

The case cited by plaintiff (Kilby v. Folsom, 238 F.2d 699 (3d Cir. (1956)), to sustain this interpretation, is not persuasive with regard to plaintiff's contentions. There the record was replete with

evidence showing a clear intent to adopt as soon as possible. The technical adoption decree was delayed by the Pennsylvania requirement of a six (6) month custody of the child. The child was an infant acquired shortly before the death of Mr. Kilby, which sad event occasioned the beginning of the entitlement period. There was a written agreement to adopt entered into with the natural parent. There was clear evidence of the intent that the child should share in the estate of the adopting parents, and this was held controlling for equitable adoption in Pennsylvania.

On the other hand, the present record shows that although there was no impediment to the adoption for a period of thirty (30) years, the plaintiff did nothing to effectuate the adoption until she knew she was entitled to disability. It would appear that there was no especial desire on plaintiff's part to have her disabled sister share in her estate until it appeared that there would be compensation forthcoming.

In addition, it may be noted that Kilby v. Folsom, supra, was decided prior to the amendment to the Act in question which created a twenty-four (24) month grace period after disability, during which plaintiff had ample time to adopt her sister without her motives being questioned.

It would appear that Congress had remedied any need for hardships which might have occurred but for judicial interpretation as in Kilby v. Folsom, supra.

Plaintiff bases another contention upon the fact that the benefit award dated June 29, 1960 indicated two dates under the column headed "Date of Entitlement" with a corresponding larger amount of benefit rate beginning on the most recent date which was January 1959. There is no evidence that the two dates and differing amounts have any significance as to plaintiff's entitlement date as far as her disability is concerned. Most probably the dates reflect an increase in rates. In any event, it is clear from the record that the two dates do not represent any changed circumstances in plaintiff's disability status and, therefore, the later date has absolutely no significance with regard to the running of the twenty-four (24) month grace period for effectuating adoption. Plaintiff's contention that the latter date, January 1959, is the most recent entitlement date is without merit.

### ORDER

And now, this twenty-second day of January, 1964, in accordance with the foregoing Opinion, it is ordered that the motion of defendant, Anthony J. Celebrezze, Secretary of Health, Education and Welfare, for summary judgment be and the same is hereby granted and the Complaint is dismissed.

Accordingly, it is further ordered that the motion of plaintiff, Sadie M. Hashem, be and the same is hereby denied.